UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

ROY MCCOWN,                                       :

              Plaintiff,                  :     **REPORT AND RECOMMENDATION**

            -against-                              :     06 Civ. 3981 (DAB)(KNF)

JO ANNE BARNHART, Commissioner of     :
the Social Security Administration,
                                                                        :
              Defendant.
------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE DEBORAH A. BATTS, UNITED STATES DISTRICT JUDGE

## BACKGROUND

Plaintiff Roy L. McCown ("McCown") retained Christopher James Bowes, Esq., pursuant to a contingency-fee agreement, to represent him in this action, brought pursuant to the Social Security Act, 42 U.S.C. §§ 301-1397jj, as amended, to obtain judicial review of the final decision of the Commissioner of Social Security (the "Commissioner") denying him a period of disability, disability insurance benefits and supplemental security income benefits from the onset of his alleged disability, January 2003. The respondent filed an answer, seeking affirmance of the Commissioner's decision. On June 11, 2007, with the parties' consent, the court remanded the action to the Commissioner, pursuant to sentence six of 42 U.S.C. § 405(g), "for further administrative proceedings, with each side to bear its own attorney's fees and costs." On August 31, 2007, pursuant to the sentence six remand of the action and Rule 20 of the Rules for the

Division of Business among District Judges of the Southern District of New York, your Honor transferred the action "to the suspense docket until and unless the Court grants a request by the parties to reassign the case to this Court." Before the Court is the plaintiff's application for attorney's fees, made pursuant to 42 U.S.C. § 406(b). The plaintiff seeks an order: (a) approving the contingent-fee agreement between him and his counsel; and (b) directing the respondent to pay $10,600.00, or "25% of plaintiff's past due benefits currently being withheld by the administration for payment of attorney's fees to plaintiff's [] counsel." The Commissioner does not oppose the plaintiff's application.

**DISCUSSION**

Sentence six of 42 U.S.C. § 405(g) provides that a court reviewing a final agency decision concerning social security benefits may remand the case to the Commissioner when the Commissioner requests a remand before answering the complaint or when new, material evidence is adduced and good cause exists for failing to present it to the agency in the prior proceeding. See 42 U.S.C. § 405(g). In a sentence six remand, the court retains jurisdiction over the action. See Shalala v. Schaefer, 509 U.S. 292, 297, 113 S. Ct. 2625, 2629 (1993). The Social Security Act mandates that the Commissioner, after the case is remanded, "modify or affirm the Commissioner's findings of facts or the Commissioner's decision, or both, and [] file with the court any such additional and modified findings of fact and decision." 42 U.S.C. § 405 (g). Following a sentence six remand, the Commissioner "must return to the district court to 'file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based." Melkonyan v. Sullivan, 501 U.S. 89, 98, 111 S. Ct. 2157, 2163 (1991).

The Social Security Act also provides, in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b).

A contingency-fee agreement is consistent with 42 U.S.C. § 406(b), as long as it is within the 25 percent statutory boundary, and the reviewing court ensures the fee requested is reasonable. See Gisbrecht v. Barnhart, 535 U.S. 789, 807, 122 S. Ct. 1817, 1828 (2002). In determining the reasonableness of the contingency fee, a court should consider whether: (a) the contingency percentage is within the 25 percent statutory boundary; (b) fraud or overreaching exists in making the contingency-fee agreement; (c) "the requested amount is so large as to be a windfall to the attorney;" (d) the character of the representation provided by the attorney and the results thereby achieved; and (e) the attorney delayed the proceedings unreasonably, in an attempt to increase the accumulation of benefits, in order to profit from it. See Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990); Gisbrecht, 535 U.S. at 808, 122 S. Ct. at 1828.

The plaintiff contends that, while the instant action was pending, he filed another disability claim with the Social Security Administration ("SSA"), on May 9, 2006, and a consultative psychological examination was conducted at SSA's request, on July 25, 2006. The plaintiff asserts that the July 25, 2006 psychological examination report did not become available to him until some time in March 2007, when he sent a copy of it to the Commissioner and asked the Commissioner to consider a sentence six remand to the agency for consideration of that additional information. The parties consented, and the court remanded the case to SSA, pursuant

3

to sentence six of 42 U.S.C. § 405(g).

According to the plaintiff, on March 24, 2008, following the remand and a supplemental hearing, held by an administrative law judge, the Commissioner issued a decision fully favorable to McCown, determining that he had been disabled, pursuant to the Social Security Act, beginning on January 30, 2003. The plaintiff maintains that, on May 10, 2008, SSA notified the plaintiff, inter alia that: (a) he is entitled to monthly disability benefits beginning July 2003; (b) $10,600.00 were being withheld from his past-due benefits, in case SSA needs to pay his attorney's approved fees; and (c) he has a right to appeal the agency's determination within 60 days from his receipt of SSA's determination. According to the plaintiff, his counsel "intends to make an application to [the administrative law judge] Ross for approval for a fee petition for administrative time expended at the administrative level," but "if the Court approves the full [contingent-fee] agreement and payment of the entire $10,600 based on the time spent in federal courts alone, [his counsel] will rescind his fee petition to [the administrative law judge] Ross." The plaintiff's counsel states, in his declaration supporting the instant application, that, "as per stipulation remanding this case for additional administrative proceedings for consideration of new and material evidence under sentence six of 42 U.S.C. section 405 (g), plaintiff cannot seek fees under the Equal Access to Justice Act."[1]

At the time of this writing, the instant action is still on the court's suspense docket, and

---

[1] Despite counsel's statement that "plaintiff cannot seek fees under the Equal Access to Justice Act," the plaintiff requests, in his memorandum of law, "that the Court grant his motion for Equal Access to Justice Act fees in this matter and approve the Contingent Fee Agreement under the 42 U.S.C. § 406(b)." The Court notes that a memorandum of law is not a vehicle through which to seek attorney's fees based on the Equal Access to Justice Act, 28 U.S.C. § 2412, where a plaintiff's application for attorney's fees is made solely pursuant to 42 U.S.C. § 406(b).

4

the docket sheet maintained for this action by the Clerk of Court does not indicate that any filing was made by the Commissioner, as required by 42 U.S.C. § 405(g), after the proceedings contemplated by the sentence six remand were concluded. Although the plaintiff's application for attorney's fees includes a copy of SSA's determination following the remand, as well as SSA's notification to the plaintiff about his entitlement to benefits beginning July 2003, no information is provided in those documents concerning the total amount of the past-due benefits to which the plaintiff is entitled. The plaintiff's counsel assumes, based on SSA's notification to the plaintiff, that SSA: (i) "usually withhold[s] 25 percent of past due benefits in order to pay the approved lawyer's fee;" and (ii) "withheld $10,600.00 from your past due benefits in case we need to pay your lawyer," that the total amount of the past-due benefits to which the plaintiff is entitled is $42,400. However, in light of the facts that SSA "usually," but not always, withholds 25 percent of past due benefits in order to pay attorney's fees and that SSA's determination of the amount of benefits to which the plaintiff is entitled may be appealed, and, absent any filing of additional and modified findings of fact and decision with the court, by the Commissioner, indicating, <u>inter</u> <u>alia</u>, the total past-due benefits to which the plaintiff is entitled, the Court has no basis upon which to determine the reasonableness of the attorney's fee requested or whether the fee requested is within the statutory boundary of 25 percent.

    Additionally, the plaintiff's request for attorney's fees is only appropriate "[w]henever a court renders a judgment favorable to a claimant." <u>See</u> 42 U.S.C. § 406(b). "[A] judgment favorable to a claimant" is lacking, where, subsequent to a sentence six remand, the Commissioner's filing with the court, modifying or affirming the Commissioner's findings of fact or the Commissioner's decision, as required by 42 U.S.C. § 405(g), is absent. A sentence six

5

remand order for further administrative proceedings, issued without the court's review of the merits and based on the parties' stipulation grounded in the new, material evidence that was not available in the prior administrative proceeding, cannot be said to constitute "a judgment favorable to a claimant." That is so because, at the time a sentence six remand order is issued, the outcome of further administrative proceeding is unknown. In a sentence six remand, "[t]he district court does not affirm, modify, or reverse the [Commissioner]'s decision; it does not rule in any way as to the correctness of the administrative determination." Melkonyan, 501 U.S. at 98, 111 S. Ct. at 2163. A case is remanded to the agency because new evidence has been uncovered, that was not available to the plaintiff at the time of the prior administrative proceeding, "and that evidence might have changed the outcome of the prior proceeding." Id. Applying for attorney's fees, after the agency has made a determination favorable to the plaintiff, following a sentence six remand, but before the Commissioner returns to the district court which remanded the case to file additional or modified findings of fact and decision is premature because, in the absence of the Commissioner's filing, the district court lacks a basis for assessing the merits of the plaintiff's request for attorney's fees. Furthermore, the remanding district court cannot enter its final judgment until the Commissioner returns to it, because the action "remains pending and depends for its resolution upon the outcome of the administrative proceedings." Melkonyan, 501 U.S. at 97, 111 S. Ct. 2157 at 2162.

## CONCLUSION

For the reasons set forth above, I recommend that: (1) the plaintiff's application for attorney's fees, made pursuant to 42 U.S.C. § 406(b), be denied without prejudice, as it is premature; and (2) the Commissioner be directed to file her additional and modified findings of

fact and decision expeditiously.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have (10) days from service of this report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Deborah A. Batts, 500 Pearl Street, Room 2510, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Batts. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn, 474 U.S. 140,470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234,237-38 (2d Cir. 1983).

Dated: New York, New York  
August 8, 2008

Respectfully Submitted,

_____  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Christopher James Bowes, Esq.  
Susan D. Baird, Esq.

7